COMMONWEALTH *vs.* JOHN KELLY.

Middlesex. November 26. — 28, 1877. COLT & LORD, JJ., absent.

In an indictment alleging that "the jurors for the Commonwealth of Massachusetts" present that the defendant at a certain trial before "a certain jury of the country" falsely testified upon a material question, "and so the jurors aforesaid" do say that the defendant committed perjury, the words "the jurors aforesaid" refer to "the jurors of the Commonwealth of Massachusetts," and not to "a certain jury of the country."

INDICTMENT for perjury, alleging that "the jurors for the Commonwealth of Massachusetts on their oath present" that, at October term 1876 of the Superior Court, a certain issue in due manner joined in that court between said Commonwealth and the defendant, upon a certain indictment, came on to be tried, and was then and there in due form of law tried by "a certain jury of the country," in due manner returned; and that at and upon the trial of the said issue, the defendant was produced as a witness and was then and there duly sworn, and the defendant being so sworn as aforesaid, it then and there became and was a material question whether the defendant or one Parmenter did strike one McGlone; that "the jurors aforesaid, on their oath aforesaid, do further present" that then and there on the trial aforesaid the defendant falsely gave evidence to the said "court and jury" that not he but Parmenter struck McGlone, whereas, in truth and fact, the defendant did strike said Mc-Glone and Parmenter did not; "and so the jurors aforesaid, on their oath aforesaid," do say that the defendant did then and there commit wilful and corrupt perjury.

In the Superior Court, before the jury were empanelled, the defendant filed a motion to quash the indictment on the ground "that there are two separate and distinct sets of jurors mentioned and described in said indictment, and it does not clearly, sufficiently or distinctly appear which jurors mentioned therein returned said indictment."

*Putnam*, J., overruled the motion, and the defendant was then tried. The jury returned a verdict of guilty; and the defendant alleged exceptions.

*C. R. Morse*, for the defendant.

*C. R. Train*, Attorney General, for the Commonwealth.

BY THE COURT. By the strictest construction of the indictment, as well as in the evident intent of the pleader, the words "the jurors aforesaid" refer to "the jurors for the Commonwealth of Massachusetts," by whom the indictment is presented, and not to "a certain jury of the country," before whom the defendant is alleged to have committed perjury.

*Exceptions overruled.*